UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER SANTIESTEBAN ZALDIVAR,

    Plaintiff,

v.                                                        Case No:  8:20-cv-2343-WFJ-AEP

CHRIS NOCCO,

    Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff Zaldivar's Amended Complaint (Doc. 9), filed under 42 U.S.C. § 1983.  Upon review, *see* 28 U.S.C. § 1915A, Plaintiff has failed to sufficiently plead his claims and must file a Second Amended Complaint if he desires to proceed in this case.

First, Plaintiff has failed to use the standard civil rights complaint form as required by the Local Rules for the Middle District of Florida. *See* Local Rule 6.04(a)(3), M.D. Fla.

Second, Plaintiff sues only Chris Nocco, Sheriff of Pasco County, Florida. However, he fails to describe any actions taken by the sheriff that led to the alleged violations of his constitutional rights. To the extent he may be attempting to sue Sheriff Nocco in a supervisory capacity, he may do so only if he can demonstrate

> (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

*Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011). *See also Monnell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978). Plaintiff has not done so here.

On amendment, Plaintiff should clearly describe in the "Statement of Facts" section how each named defendant is involved in the alleged constitutional violation(s). Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984).

Third, should Plaintiff name an appropriate defendant(s) when he files his Second Amended Complaint, he should be aware that under the Fourth Amendment, an officer may not use excessive force "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Fourth Amendment objective "reasonableness" standard governs this inquiry: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 396–97. This includes assessing "the severity of the

crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

In the prison context, as a pretrial detainee, Plaintiff "must [similarly] show . . . that the force purposely or knowingly used against him was objectively unreasonable[,]" *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015), in light of considerations such as:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* at 397.

To state a claim for an unconstitutional condition of confinement, Plaintiff must provide an objective showing of "extreme deprivations" and a subjective state of mind of deliberate indifference. *Thomas v. Byrant*, 614 F.3d 1288, 1304 (11th Cir. 2010). Moreover, to demonstrate deliberate indifference to a serious medical need, Plaintiff must first, "set forth evidence of an objectively serious medical need. Second, [he] must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *see also Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). "Third, as with any tort claim, [he] must show that the injury was caused

3

by the defendant's wrongful conduct." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

An objectively serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert*, 510 F.3d at 1326 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). To demonstrate deliberate indifference, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Goebert*, 510 F.3d at 1326 (alteration in original) (internal quotation marks and citation omitted). *See also Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008).

Accordingly, it is ORDERED that:

1. Plaintiff's Amended Complaint (Doc. 9) is **DISMISSED without prejudice** to file a Second Amended Complaint within **THIRTY (30) DAYS** of the date of this order.

    a. To amend his complaint, Plaintiff should completely fill out a civil rights complaint on the form, marking it "Second Amended Complaint."

    b. The second amended complaint must include all of Plaintiff's claims in this action; it may not refer back to or incorporate the original or

4

amended complaints. The second amended complaint supersedes the original and amended complaints, and all claims and facts in support thereof must be raised in the second amended complaint.

2. **Plaintiff is advised that his failure to fully comply with this order will result in the dismissal of this action, for failure to state a claim, without further notice**.

3. Plaintiff is cautioned that he should not correspond with the Court in letter form. Plaintiff should file a pleading or motion with a title. The title should briefly summarized the contents of the pleading or motion. As a matter of course, the Court will not respond to Plaintiff's letters.

4. Further, Plaintiff shall immediately advise the Court of any change of address. He shall entitle the paper "Notice to the Court of Change of Address" and shall not include any motions in the filing. This notice shall contain only information pertaining to the address change and the effective date of such. Plaintiff must file a separate notice in each case that he has pending before the Court. Failure to inform the Court of an address change may result in the dismissal of this case, without further notice.

5. The Clerk is directed to mail to Plaintiff, along with this Order, a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida on August 5, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE