UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER SANTIESTEBAN
ZALDIVAR,

 Plaintiff,

v.           Case No.  8:20-cv-2343-WFJ-AEP

CHRIS NOCCO, CHRIS NOCCO
and JOHN DOES,

 Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's second amended civil rights complaint (Doc. 12), filed pursuant to 28 U.S.C. § 1983, in which Plaintiff alleges violations of his constitutional rights.  Plaintiff is a pretrial detainee proceeding *pro se*. (Doc. 12 at 4).

**I.** **Legal Background**

A. Section 1915

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed.  Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles*

*Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b)   Grounds for Dismissal. — On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

B. <u>Section 1983</u>

Plaintiff's claims against Defendants arise under Title 42 United States Code Section 1983. (Doc. 1). "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a

2

Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

## II.  Analysis

This is Plaintiff's third attempt to adequately plead his claims. (*See* Docs. 1, 7, 9, 11).  Plaintiff sues Pasco County Sheriff Chris Nocco and five unnamed deputies from the Pasco County Sheriff's Office in their individual and official capacities.  Plaintiff claims that, on December 29, 2019, during his "arrest and transport to and within the Pasco County Jail and intake and booking" (Doc. 12 at 4), he was hog-tied, then lifted by his handcuffs, causing him to dislocate his shoulder. (Doc. 12 at 5).  Once at the jail, he was "stripped and held naked for hours in violation of existing policy" and deliberate indifference to his rights, then "paraded through the hallways with only boxer shorts." (Doc. 5 at 5). He claims other detainees were provided jail uniforms and socks.

First, regarding Plaintiff's individual capacity claims against Sheriff Nocco, those claims are dismissed because he fails to describe any individual actions taken by the Sheriff that resulted in a violation of his rights.

Second, to the extent that Plaintiff sues Sheriff Nocco and the five unnamed officers in their official capacities, "a suit against a public official in his official capacity is considered a suit against the local government entity he represents." *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  In this case, because the Sheriff and the five officers all represent Pasco County, the official capacity suits against the officers are duplicative of the official capacity suit against the Sheriff and must be dismissed.

To attribute liability to Sheriff Nocco in his official capacity under Section 1983, Plaintiff must allege that "the moving force of the constitutional violation" was an official policy or custom. *See Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Plaintiff has alleged in his second amended complaint no such policy or custom.  Therefore, any official capacity claims in the second amended complaint against Sheriff Nocco are dismissed.

Third, "fictitious-party pleading is not [generally] permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  To the extent Plaintiff sues five unnamed deputies, he has not provided sufficient information to identify the deputies and permit service of process on them.  *See Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992).

Moreover, even had Plaintiff properly named the defendants, he has failed to state individual capacity claims against them. Plaintiff's allegations allude to claims for the use of excessive force and unconstitutional conditions of confinement. However, Plaintiff fails to connect any particular defendant to the alleged constitutional violations. For example, he fails to describe which defendant(s) took actions that resulted in the dislocation of his shoulder or which defendant(s) refused him clothing.

Further, to state an excessive force claim, Plaintiff must demonstrate that the use of force was "objectively unreasonable." *Kingsley v. Hendrickson*, —— U.S. ——, 135 S. Ct. 2466, 2473 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). Here, Plaintiff has failed to plead sufficient facts to show that the unnamed deputies' actions in hog-tying and lifting Plaintiff by his handcuffs were objectively unreasonable. *See*, *e.g.*, *Lancaster v. Adams,* No. 3:21-cv-559-BJD-JBT, 2021 WL 4502796, at *2 (M.D. Fla. Oct. 1, 2021) ("If [p]laintiff wishes to proceed on a Fourth Amendment excessive force claim against the arresting officers, he must explain the circumstances under which force was used, including what he did and said, what each officer did and said, and the nature and extent of any injuries he sustained.").

As for Plaintiff's conditions of confinement claim, the Supreme Court has explained that "[t]he Constitution 'does not mandate comfortable prisons.' But neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). For a pretrial detainee to establish an unconstitutional condition of confinement, he must demonstrate that the condition "amount[s] to punishment" in violation of the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

"[I]n regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1574 (11th Cir. 1985). Under the Eighth Amendment, which applies to the states through the Fourteenth Amendment, "states may not impose punishments that shock the conscience, involve unnecessary and wanton infliction of pain, offend evolving notions of decency, or are grossly disproportionate to the offense for which they are imposed." *Id.* at 1571.

To state a claim for an unconstitutional condition of confinement, Plaintiff must provide an objective showing of "extreme deprivations" and a subjective state of mind of deliberate indifference. *Thomas v. Byrant*, 614 F.3d 1288, 1304 (11th Cir. 2010). Conditions are objectively extreme if they amount to a deprivation of the "minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S.

337, 347 (1981), or "basic human needs," including "reasonably adequate food, clothing, shelter, and sanitation." *Hamm*, 774 F.2d at 1572.  Moreover, "[i]n analyzing confinement conditions about which a pretrial detainee complains, a court must decide whether the detention officials intentionally imposed the restriction for a punitive purpose or whether it is reasonably incidental to a legitimate government objective." *Wilson v. Blankenship*, 163 F.3d 1284, 1291–92 (11th Cir. 1998) (citing *Bell*, 441 U.S. at 538–39).

Here, Plaintiff has not alleged that the unnamed defendants' removal of his clothing, failure to immediately provide a jail uniform, and leading Plaintiff through the hallways while Plaintiff wore only underwear was punitive rather than reasonably incidental to a legitimate government objective.  On the minimal facts alleged, Plaintiff has not described circumstances that shock the conscience or offend evolving notions of decency.

The second amended complaint may also be broadly construed to allege an equal protection claim, based on Plaintiff's allegations that he was not provided adequate clothing, even though other prisoners were provided jail uniforms. However, to "establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v.*

*Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006) (citing *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001)). *See also McCleskey v. Kemp*, 481 U.S. 279, 292 (1987) (explaining that a plaintiff "must prove that the decisionmakers in his case acted with discriminatory purpose"). Although Plaintiff claims he was treated differently, he fails to allege that he was similarly situated to the other prisoners that he briefly references and fails to allege a discriminatory purpose for his treatment.

Accordingly, it is **ORDERED** that:

1. The second amended complaint is **DISMISSED** without prejudice for failure to state a claim.

2. The Court will permit Plaintiff one final opportunity to adequately plead his claims. Plaintiff must file a third amended complaint within **THIRTY (30) DAYS** of the date of this order.

    a. To amend his complaint, Plaintiff should completely fill out a civil rights complaint on the form, marking it "Third Amended Complaint."

    b. The third amended complaint must include all of Plaintiff's claims in this action; it may not refer back to or incorporate the prior complaints. The third amended complaint supersedes the original and amended complaints, and all claims and facts in support thereof must be raised in the second amended complaint.

8

3. **Plaintiff is advised that his failure to fully comply with this order will result in the dismissal of this action, for failure to state a claim, without further notice**.

4. The Clerk is directed to mail to Plaintiff, along with this Order, a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida on December 7, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE